## DECLARATION OF SHERMAN ROBERTS

My name is Sherman Roberts. I am above 18 years of age. My date of birth is May 9, 1954. My address is 707 Godwin Avenue, Glenn Heights, TX 75154. I swear under penalty of perjury that the facts stated herein are true and correct and within my personal knowledge.

On or about September 14, 2021, I received a letter from the Court advising me that Attorney Douglas Greene had passed away. Upon receipt of that letter, I rushed to find replacement counsel as trial was scheduled for November 8, 2021. I did not have adequate time to interview defense counsel. On the advice of civil counsel, Kevin Wiley, who represents City Wide, a community development corporation, in a bankruptcy matter, in which I serve as its Executive Director, I hired Attorney William Cox. Mr. Cox and Mr. Wiley share an administrative assistant and office in the same building. I was never comfortable with Mr. Cox and insisted that Mr. Wiley be present when I met with him. My level of unease with Mr. Cox was due to his seeming indifference and lack of knowledge of government funding issues which was one of the basis of the indictment against me. I had signed a non- refundable fee agreement with Mr. Cox and that also left me in a financial bind. In addition, my trust in Kevin Wiley was a factor. Mr. Wiley consistently sought to reassure me that Mr. Cox was a "bulldog" who knew how to fight. Therefore my uneasiness though still present was continually softened by Wiley's repeated assurances as to Mr. Cox's level of engagement. While I hate to disparage Mr. Cox, he did not investigate the allegations against me. More specifically, I advised Mr. Cox on multiple occasions that there were credible witnesses that could refute the allegations in the indictment namely, Ellen Rourke, Charles Gulley, and others. I advised Mr. Cox that Mr. Greene had spoken to at least one of those witnesses, Ellen Rourke, and that Mr. Greene's file should contain notes from said witness and perhaps more. Despite multiple requests on my part, to my knowledge Mr. Cox did not get the file from Douglas Greene's office.

I advised Mr. Cox repeatedly that I was innocent and had not bribed anyone for votes or approval of projects for City Wide. I tried on many occasions to get Mr. Cox to understand the development process and asked for many meetings with him. I tried repeatedly to get him to understand that City Wide is a non-profit entity with multiple board members and employees and that I do not own City Wide or the properties developed by City Wide. Despite my repeated requests, and the seriousness of the allegations against me, Mr. Cox never met with me for more than 15 to 20 minutes at a time and the times we conferred were not substantive conversations. I have created a timeline from my calendar over the past four (4) years accurately reflecting when I met with Mr. Cox to discuss my case and my defense. See *TIMELINE EXHIBIT* attached hereto reflecting same. Mr. Cox repeatedly insisted that I should take a plea deal. It was as if my claims of innocence or the existence of credible witnesses did not matter.

On August 28, 2024, while pushing me to plead guilty, Mr. Cox advised that I would receive a 5K I and would receive probation. I was tired, stressed and anxious since this has been pending for years. In addition, this prolonged matter has caused me several health related issues I suffer from. Later, at the urging of Mr. Cox, I met with Assistant United States Attorney, Marcus Busch. Mr. Cox stated that we had to move quickly because Mr. Busch was leaving the United States Attorney's office. At the insistence of Mr. Cox, I met with Mr. Busch. Mr. Busch informed me and my counsel, including Kevin Wiley, that if I provided truthful information regarding the Ruel Hamilton case that I would receive what he called a "5KI consideration". Mr. Busch proceeded to explain in detail what it meant. As a result, I understood that if l provided truthful information to the government, the government would move to request my sentence range to be lowered- even to probation. Mr. Busch further stated that the government would not object to probation. From that point on, Mr. Cox continued to reference the 5KI as part of the plea. As the pressure built on a potential trial date I took into account my health, and the health of my wife, and decided to plea guilty since I felt probation was assured. After I received the plea agreement, the 5KI provision was not present and I asked Mr. Cox about its absence. Mr. Cox informed me that these provisions are not a part of a plea agreement. When I finally received a copy of the Pre-Sentencing Report, I advised Mr. Cox that it did not say I would get probation or that I was receiving 5KI consideration. Mr. Cox advised he would call Mr. Busch and have the matter corrected. I cannot say whether Mr. Cox made the call or ever discussed the matter with Mr. Busch. I can undoubtedly state that I felt compelled to plead guilty to a crime I did not commit because Mr. Cox repeatedly urged me to plead guilty and that in exchange I would get 5KI consideration and probation. My poor health and frazzled mental state led me to hopefully bring this nightmare to an end by pleading guilty and being on probation. Mr. Cox also advised that if I did not plead guilty, I could receive up to 15 years in prison.

After I pled guilty, Mr. Cox called me into his office on a Friday afternoon and gave me a packet of information to complete for the probation officer. Mr. Cox provided me no assistance so I had to complete and submit the full packet to the probation officer on my own. This included statements about the alleged offense. However, in my statements I did my dead level best to minimize my guilt since I truly feel that I am not guilty. The Pre-Sentence Report even reflects that I attempted to minimize my own conduct and intentions. This is true because I am not guilty.

On the date of my objections to the Pre-Sentence Report were due, I received an e-mail from Mr. Cox's assistant at 12:12 p.m. telling me the objections are due today and to let her know if I wanted to object. This was after I requested from Mr. Cox the Report as reflected in the e-mail. Mr. Cox led me to believe that I was responsible for making objections on the date they were due. I called Mr. Cox's office and attempted to speak with him. Mr. Cox was not available. I made follow-up calls and ultimately a call was scheduled for me and Mr. Cox on August 22, 2025, at 3:00 P.M.-after the deadline for objections to the

report. When I called Mr. Cox was not available. I called back on August 25, 2025, and again on August 26, 2025. I finally spoke to Mr. Cox very briefly on August 26, 2025. The call was short and Mr. Cox seemed agitated by my questions regarding the 5KI and his failure to object to the inaccurate information in the report. I learned at that time that Mr. Cox had not prepared any objections to the Pre- Sentencing Report. I borrowed money and hired attorneys Michael Heiskell and Nate Washington.

    I wish to advise the Court that this declaration and the associated Motion to Withdraw the Plea of Guilty is not a delay tactic. I did not bribe anyone to win favor in development deals. I did not receive the dollar values alleged for the work I performed, or the projects won by City Wide. I had serious concerns that Mr. Cox was not effectively representing me. However, on the advice of civil counsel, and against my best judgment, I stuck with him. I cannot apologize to the Court enough for that decision.

_____
SHERMAN ROBERTS

This Declaration was SWORN AND SUBSCRIBED TO BEFORE Me, by Sherman Roberts, on this the 29th day of August 2025.

_____
NOTARY PUBLIC, STATE OF TEXAS

[Notary Seal: CRYSTAL IRENE JONES, My Notary ID # 125445749, Expires September 28, 2025]

My commission expires on:
9/28/2025

Page 3 of 3

**TIMELINE EXHIBIT**

**SHERMAN ROBERTS TIMELINE REFLECTING MEETINGS WITH WILLIAM COX, III**

| | |
|---|---|
| **September 18, 2021-** | Met with William Cox, III and provided him a retainer. We spent approximately 20 minutes talking about the case. I asked him when will he expect us to start working on a defense of the case. He replied in a couple of weeks. I also signed fee agreement on this day. |
| **September 23, 2021**- | Met for about 15 minutes for Cox to receive an additional retainer. I ask again when will we be getting started on my defense. He informed me we will soon start working on Saturdays. |
| **September 3, 2022-** | Met with Cox to make final payment on retainer. We talked briefly about the case. I want him to meet witnesses favorable to me. Cox stated he will request Doug Greene's files. |
| **July 7, 2023-** | Met with Cox at 3:00 p.m. He said he pushed the trial date back. I ask again when will we start working on a defense. He replied, "Soon." |
| **January 03, 2024**- | Scheduled a meeting. However, Cox cancelled the meeting. |
| **January 29, 2024**- | Again informed of the trial date being pushed ahead. I again asked about him contacting witnesses for my defense. Once again, he said he would do so. |
| **August 28, 2024-** | Met with Cox and Kevin Wiley between 3:00-4:00 p.m. Wiley and Cox spoke of plea deal from 0 to 5 years. Cox mentions a 5K1 deal and stated I can get probation. I respond defending myself and explaining the transactions showing my innocence. |

**TIMELINE EXHIBIT**

I also stated to Cox: "You haven't got anything out of me yet," meaning my evidence of innocence. He responds that we will "start next weekend." I am tired and frustrated and agree to talk to the prosecutor. Wiley eventually tell me "You want to get this behind you and get it out of your life." Note that Cox never met with me that weekend nor any date, to hear my story and contact my witnesses.

**September 20, 2024**-    Met with Cox and Kevin before U.S. Attorney came over to talk about the plea (2:00-2:30 pm). From 2:30 til about 3:15, met with AUSA Marcus Busch about taking a plea and offering a 5K1. I answered all of his questions about Ruel Hamilton and Carolyn Davis. Busch said he will not object to probation.

**September 25, 2024**-    Signed the plea paperwork that I received via e-mail. Did not meet with Cox.

**October 28, 2024-**    Met with Cox and my civil attorney Kevin Wiley from 1:30-2:30 to discuss plea.

**November 12, 2024**-    9:30 a.m. court appearance with Magistrate. Cox was late. The judge moved to another case and then came back. After the plea I wanted to know the next steps. So I waited while he was telling the judge about his son enrolled at MIT. Cox advised that I schedule a meeting to discuss future next steps.

**November 18, 2024**-    Met with Cox from 11:00 to 11:30 for an update. I asked about probation and he said it is on the table for a sentence.

**December 23, 2024**-    Meeting with Cox at 10:00 a.m. I do not recall what was discussed at this meeting.

**TIMELINE EXHIBIT**

**March 20, 2025**-            2:00 p.m. meeting with Mr. Cox and Kevin Wiley.

**June 20, 2025-**            Meeting with Mr. Cox at 3:30 p.m. we spoke for about 20 minutes. We spoke about the Pre-Sentence Report package that needed to be filled out and for me to send it to the Probation Officer.

**August 20, 2025-**         Received an e-mail from Cox's office about receipt of the Pre-Sentence Report and needing objections to come from me. However, this date was the deadline and I was relying on Mr. Cox to do these objections with my input of course. *See e-mail. attached hereto as Attachment 1.*

# ATTACHMENT 1

## Re: S. Roberts; Sentencing

From: Sandra Dillingham (sdillingham@wileylawgroup.com)
To: shermanlr@yahoo.com
Cc: billcoxlawyer@gmail.com; cdillingham@wileylawgroup.com; kwiley@wileylawgroup.com
Date: Wednesday, August 20, 2025 at 12:12 PM CDT

Mr. Roberts,

Your objections are what's due today. Please review the attached copy of your report and let me know, if anything, you'd like Mr. Cox to object to. Thank you.

**Sandra Dillingham**
Paralegal
The Wiley Law Group, PLLC
325 N Saint Paul Street, Suite 2250, Dallas, Texas 75201
Tel: 972) 913-2648 | Cell: 214) 609-0741 | Fax: 972) 449-5717

This communication is not given in the form of an opinion. The information contained within the referenced, linked, or directed e-mail communication may contain legally privileged and/or confidential information, and is solely for the use of the intended recipient. If you have received this communication in error, please notify me immediately by e-mail and destroy all copies of the original message.

**From:** sherman roberts <ShermanLR@yahoo.com>
**Date:** Wednesday, August 20, 2025 at 11:35
**To:** Sandra Dillingham <sdillingham@wileylawgroup.com>, William (Bill) D. Cox III <billcoxlawyer@gmail.com>
**Cc:** Claudia Dillingham <cdillingham@wileylawgroup.com>, Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: S. Roberts; Sentencing

Sandra and Bill can you make sure Mr. Wiley and myself get the new Presentence Investigation Report today.

Sent from my iPhone

On Jul 10, 2025, at 3:00 PM, Sandra Dillingham <sdillingham@wileylawgroup.com> wrote:

Objections to Presentence Investigation Report due by 8/20/2025. Presentence Investigation Addendum due by 9/3/2025. Objections to Presentence Investigation Addendum due by 9/9/2026. Sentencing set for 9/17/2025 09:00 AM before Judge Ed Kinkeade. (Ordered by Judge Ed Kinkeade on 6/27/2025)


Roberts PSR.pdf
6.3 MB