IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:20-CR-0621-K |
| | § | |
| SHERMAN ROBERTS | § | |

## ORDER

Roberts moves the undersigned to recuse from reviewing his motion to withdraw his guilty plea based on "the appearance of impropriety." *See* Mot. Recuse (ECF No. 59).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In applying this statute, a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–61 (1988)). The objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *Jordan*, 49 F.3d at 156). Further, the concept of bias "connote[s] a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky*

*v. United States*, 510 U.S. 540, 550 (1994). A judge is not generally required to recuse for bias, even if the judge is "exceedingly ill disposed towards the defendant," when the judge's "knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]" *Id.*

Roberts argues that the undersigned cannot be impartial because of her "direct role" in this case when she "fully evaluated" Roberts's answers during his plea colloquy and "had the opportunity to observe [Roberts] as he answered her questions and thus judge his credibility." Reply at 3 (ECF No. 63). Roberts wholly fails to identify any inappropriate extrajudicial source for any potential alleged bias on the part of the undersigned. Accordingly, recusal is not required. *United States v. Randall*, 440 F. App'x 283, 286 (5th Cir. 2011) ("[F]acts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification."). Roberts's Motion (ECF No. 59) is DENIED.

SO ORDERED.

October 9, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE